UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donnie Ray Shannon,                       Civil No. 11-3404 (JRT/FLN)

            Plaintiff,

    v.                                        **REPORT AND**
                                                  **RECOMMENDATION**
Sherrie Ann Williams et al.,

            Defendants.

_____

Donnie Ray Shannon, Plaintiff *Pro Se*.
Scott A. Grosskreutz and Kelly S. Kemp for Defendants Jeffrey Peterson and Tom Roy.
Toni A. Beitz for Defendants Russ Stricker and Tom Hayden.

_____

      **THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's motion be **DENIED**.

### I.  BACKGROUND

      Plaintiff Donnie Ray Shannon brings a 42 U.S.C. § 1983 claim against various officials of the Minnesota Department of Corrections (DOC) and three South St. Paul police officers. Shannon also brings tort claims against his ex-girlfriend Sherrie Williams. Shannon alleges that while he was on supervised release from prison, Defendant Sherrie Williams made false allegations in a police report that Shannon threatened to kill her. Shannon alleges that Defendants Hayden and Stricker, both parole agents with the DOC, conspired with Defendants Myhre and Rochlen, both officers with the South St. Paul Police Department, to "have plaintiff

arrested and held when they knew there was no charges to sustain the arrest warrant." (Compl. ¶ 37.) Shannon alleges that the DOC then violated his constitutional rights by placing a "parole hold" on him, preventing him from bonding out of jail, when he had not committed a crime or violated his parole conditions. (Compl. ¶¶ 40-45.) Shannon seeks money damages and to enjoin the DOC from "placing D.O.C. holds on parolees that have not been convicted of new charges or have not violated supervised release." (Compl. ¶¶ 46-55.)

## II. CONCLUSIONS OF LAW

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has the opportunity to rule on the merits of a lawsuit. *See Dataphase Sys., Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 n.5 (8th Cir. 1981) (en banc). A party seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (upholding denial of preliminary injunction where motion was based on new assertions of mistreatment entirely different from the claim raised and the relief requested in the complaint). Shannon's motion for a temporary restraining order and preliminary injunction has nothing to do with preserving the court's decision-making power over the merits of his complaint. Shannon's motion is based on assertions that his placement on intensive supervised release (ISR), rather than standard supervised release, violates his constitutional rights. Those assertions are different from Shannon's assertions in his complaint that the DOC improperly placed a parole hold on him, preventing his release on bond, when he had not been convicted of a crime or been found to have violated his supervised release conditions. Shannon does not challenge his level of supervision

while on supervised release in his complaint in this lawsuit.[1] Because he seeks relief entirely unrelated to the claims raised and the relief requested in his complaint, Shannon's request for a preliminary injunction should be denied.

### III.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12) be **DENIED**.


DATED: April 19, 2012                                       *s/ Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 4, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[1] Shannon has challenged his placement on ISR in a separate lawsuit. *See Shannon v. Roy*, D. Minn. No. 11-cv-3262 (JRT/FLN).  As Shannon has appropriately filed a motion seeking preliminary relief from placement on ISR in that other suit, his motion in that case will be addressed on the merits. *Shannon v. Roy*, D. Minn. No. 11-cv-3262 (JRT/FLN) ECF No. 4.